**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fred J. GREENE, Defendant–Appellant.**

**No. 89–5589.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 16, 1989.

Decided Dec. 19, 1989.

---

Peter J. Strianse, Asst. U.S. Atty., Joe B. Brown, U.S. Atty., Melissa Harrison, argued, Nashville, Tenn., for plaintiff-appellee.

Henry A. Martin, Fed. Public Defender, argued, Nashville, Tenn., for defendant-appellant.

Before WELLFORD and NELSON, Circuit Judges; and SUHRHEINRICH *, District Judge.

WELLFORD, Circuit Judge.

Defendant appeals the imposition of two concurrent sentences of eighteen months for unlawful distribution of marijuana. Because we find that the present classification of marijuana as a Schedule I substance is neither arbitrary nor irrational and that the possession of marijuana is not protected by the free exercise clause of the first amendment, we affirm the decision of the district court.

I.

On August 24, 1988, a federal grand jury sitting in Nashville returned an indictment against defendant Fred J. Greene charging him with seven counts of unlawful distribution of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and one count of unlawful use of a firearm in the commission of a drug trafficking felony in violation of 18 U.S.C. § 924(c)(1). Defendant filed a motion to dismiss the indictment and a memorandum in support of the motion alleging that the charges violated his rights to due process

* The Honorable Richard F. Suhrheinrich, United States District Court for the Eastern District of Michigan, sitting by designation.

and the free exercise of religion as the son of a Cherokee Indian mother.

Defendant called as an expert witness Dr. Jonathan J. Lipman, a Ph.D. in pharmacology and a research assistant at Vanderbilt University. Dr. Lipman testified that marijuana's active ingredient has a number of therapeutic uses including the prevention of nausea caused by cancer chemotherapy, the reduction of pressure inside the eye associated with glaucoma, the relaxation of muscle tissue, the dilation of bronchial tubes, and the reduction of insomnia.

Dr. Lipman further testified that marijuana use in human beings does not produce any physical dependency but may produce psychological dependence in people who use it continuously over a long period of time. Finally, Dr. Lipman was of the opinion that, although several questions about marijuana's long-term use remain unresolved, no pharmacological basis exists for the inclusion of marijuana in Schedule I.

Defendant took the stand at the hearing to testify about his religious practices.[1] Defendant stated that his beliefs combine elements of the Native American religion with certain teachings from the Bible which he interpreted to promote the use of marijuana. Defendant admitted that he smoked and shared marijuana with other people "in communication with the Great Spirit," and that he sold marijuana to promote his musical talent which is a gift of God.

At the time of arrest, police found $18,-000.00 in cash and two loaded firearms at defendant's home. At the hearing, defendant testified that the money was for the promotion of his music and the guns were for his protection. Defendant admitted, however, that bagging the four kilograms of marijuana in his home into three hundred eighty-six (386) small bags was not a religious experience; only "partaking" of the drug was a religious experience. Defendant also admitted that as many as one hundred (100) to one hundred fifty (150) people came to his house each day to obtain marijuana.

The district court denied defendant's motion to dismiss. Defendant then pled guilty to two counts of unlawful distribution of marijuana, reserving for appeal under Rule 11(a)(2) the freedom of religion and due process questions raised in his motion to dismiss.

## II.

■ Defendant contends that the indictment should be dismissed because the classification of marijuana as a Schedule I controlled substance under the Federal Controlled Substances Act ("Act"), 21 U.S.C. §§ 841–904, and the imposition of penalties for its use, possession, or distribution, are irrational and arbitrary, thus violating the due process mandates of the fifth amendment. Basing his conclusions on medical evidence and the testimony of Dr. Lipman, an expert in pharmacology, and various articles dealing with its therapeutic use, defendant argues that marijuana, on pharmacological grounds, does not satisfy the three statutory criteria necessary for inclusion in Schedule I: (a) high potential for abuse; (b) no currently accepted medical use; and (c) lack of accepted safety for use of the drug under medical supervision. 21 U.S.C. § 812(b)(1). Defendant emphasizes that the placement of marijuana in Schedule I, when compared to the absence in the Schedules of more dangerous substances such as alcohol and nicotine, is particularly indicative of the irrational and arbitrary nature of the Schedules.

Other courts have considered this very issue in *United States v. Fry*, 787 F.2d 903 (4th Cir.), *cert. denied*, 479 U.S. 861, 107 S.Ct. 209, 93 L.Ed.2d 139 (1986), *United States v. Fogarty*, 692 F.2d 542 (8th Cir. 1982), *cert. denied*, 460 U.S. 1040, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983), and *United States v. Middleton*, 690 F.2d 820, 823 (11th Cir.1982), *cert. denied*, 460 U.S. 1051, 103 S.Ct. 1497, 75 L.Ed.2d 929 (1983). Emphasizing that the judiciary may not sit as a "superlegislature" in reviewing legisla-

---

1. He testified that he did not go to church, and that the "Indian religion is my religion." He also claimed that he neither smoked nor drank during his musical performances.

tive policy determinations that do not affect fundamental rights, each court concluded that the present classification is not arbitrary or irrational. *Fry*, 787 F.2d at 905 (citing *New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976) (per curiam)); *Fogarty*, 692 F.2d at 547 (citing *Marshall v. United States*, 414 U.S. 417, 427, 94 S.Ct. 700, 706, 38 L.Ed.2d 618 (1974), for the proposition that "judicial self-restraint is especially appropriate where as here the challenged classification entails legislative judgments on a whole host of controversial medical, scientific, and social issues." *Id.*); *Middleton*, 690 F.2d at 824 (citing *United States v. Kiffer*, 477 F.2d 349 (2d Cir.), *cert. denied*, 414 U.S. 831, 94 S.Ct. 62, 165, 38 L.Ed.2d 65 (1973), for the proposition that "[t]he determination of whether new evidence regarding either the medical use of marijuana or the drug's potential for abuse should result in a reclassification of marijuana is a matter for legislative or administrative, not judicial, judgment." *Id.* at 823).

The Act authorizes the Attorney General to reclassify a drug if presented with new scientific evidence. *Fogarty*, 692 F.2d at 548; *Middleton*, 690 F.2d at 823. Both the *Fogarty* and the *Middleton* courts concluded that this provision evidences Congressional intent to provide an efficient and flexible mechanism for assuring the continued rationality of the classification of controlled substances. *Id.* We agree that this mechanism, and not the judiciary, is the appropriate means by which defendant should challenge Congress' classification of marijuana as a Schedule I drug.

Defendant offers various state court decisions in support of his position; however, as his counsel candidly concedes, all federal authority is adverse. We agree with those courts in rejecting this constitutional due process challenge to the classification of marijuana under the Controlled Substances Act.

### III.

■ Defendant also claims that the imposition of criminal penalties upon him for the use and distribution of marijuana violates his right to the free exercise of religion in contravention of the free exercise clause of the first amendment. In support of his claim, defendant argues that he uses and distributes marijuana in accordance with his sincere and long standing religious beliefs. To succeed, defendant must establish that (1) his beliefs constitute a "religion" within the meaning of the first amendment, and (2) the statutes in question do not serve a compelling governmental interest. *Middleton*, 690 F.2d at 824.

■ It is well established that the absolute constitutional protection afforded freedom of religious belief does not extend without qualification or limitation to religious conduct. *Id.; Braunfeld v. Brown*, 366 U.S. 599, 603, 81 S.Ct. 1144, 1145, 6 L.Ed.2d 563 (1961); *Cantwell v. Connecticut*, 310 U.S. 296, 303–04, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940). Religious conduct remains subject to regulation for the protection of society. *Cantwell*, 310 U.S. at 303–04, 60 S.Ct. at 903. Congress may control the use of drugs that it determines to be dangerous, even if those drugs are used for religious purposes. *Middleton*, 690 F.2d at 825; *United States v. Hudson*, 431 F.2d 468, 469 (5th Cir.1970), *cert. denied*, 400 U.S. 1011, 91 S.Ct. 575, 577, 27 L.Ed.2d 624 (1971) (stating "the use of drugs as part of religious practice is not constitutionally privileged"); *see also United States v. Rush*, 738 F.2d 497, 513 (1st Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985) (quoting *Leary v. United States*, 383 F.2d 851, 861 (5th Cir.1967), *rev'd on other grounds*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and noting the narrow administrative exception of peyote from Schedule I classification for the benefit of the Native American Church).[2]

■ Every federal court that has considered this issue has accepted Congress' determination that marijuana poses a real threat to individual health and social wel-

---

**2.** We conclude that only actual use, not wholesale distribution of a controlled substance, may be protected by the first amendment in limited circumstances not present here.

fare and has upheld criminal penalties for possession and distribution even where such penalties may infringe to some extent on the free exercise of religion. *See Rush,* 738 F.2d at 512 (citing *Middleton, supra; United States v. Spears,* 443 F.2d 895 (5th Cir.1971); *Leary, supra; Randall v. Wyrick,* 441 F.Supp. 312 (W.D.Mo.1977); *United States v. Kuch,* 288 F.Supp. 439 (D.D.C.1968)). Defendant has not persuaded us that a broad religious exception from the laws dealing with the possession and distribution of marijuana is constitutionally required. We, therefore, need not answer the question whether defendant's beliefs in connection with the use of marijuana constitute a religion within the meaning of the first amendment.

Accordingly, we AFFIRM the decision of the district court.