956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred J. GREENE, Defendant-Appellant.
 No. 91-5258.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 Fred J. Greene appeals the district court's order revoking his supervised release and sentencing him to a period of incarceration of one year. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 24, 1988, a federal grand jury sitting in Nashville, Tennessee, returned an indictment charging Greene with seven counts of unlawful distribution of marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of unlawful use of a firearm in the commission of a drug trafficking felony in violation of 18 U.S.C. § 924(c)(1). On February 23, 1989, Greene pleaded guilty to two counts of unlawful distribution of marijuana. He was sentenced to two concurrent terms of 18 months imprisonment. Greene was also sentenced to a term of five years of supervised release upon completion of his prison term. In addition, the court imposed special conditions of release, requiring Greene to 1) not commit any crimes; 2) not possess any firearms; 3) participate in a drug treatment program; and 4) not possess any illegal controlled substance. Greene's conviction was affirmed on appeal. See United States v. Greene, 892 F.2d 453 (6th Cir.1989), cert. denied, 110 S.Ct. 2179 (1990).
 
 
 3
 On November 27, 1990, the Probation Office advised the trial court that Greene had violated the terms of his release by possessing/using illegal and dangerous drugs, as evidenced by urine specimens of Greene submitted on September 4, 1990, October 2, 1990, and October 30, 1990, all of which tested positive for marijuana. The trial court ordered that a summons issue for Greene to appear at a show cause hearing to determine if his supervision should be revoked. The court held a hearing on February 11, 1991, and, after hearing testimony, revoked Greene's supervised release and sentenced him to a term of confinement of one year. At the revocation hearing, the Government noted that under 18 U.S.C. § 3583(b)(2), the maximum term of supervised release that could have been imposed was three years. The district court thereafter issued an order amending its prior order to sentence Greene to a period of three years of supervised release following his release from incarceration.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in revoking Greene's supervised release. United States v. Stephenson, 928 F.2d 728, 731-32 (6th Cir.1991); United States v. Ramirez, 675 F.2d 707, 709 (5th Cir.1982) (per curiam). A review of the record reveals ample evidence supporting the district court's determination that Greene violated the terms and conditions of his supervised release by having used controlled substances on September 4, 1990, October 2, 1990, and October 30, 1990.
 
 
 5
 Finally, the district court correctly sentenced Greene to a term of one year imprisonment. Pursuant to 18 U.S.C. § 3583(g), if a defendant who has been placed on supervised release pursuant to 18 U.S.C. § 3583, is found by the court to be in possession of a controlled substance, the court "shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." Here, the trial court sentenced Greene to three years supervised release, as amended. Accordingly, pursuant to 18 U.S.C. § 3583(g), the court was required to sentence Greene to a minimum of one year imprisonment, which is one-third of Greene's three year term of supervised release.
 
 
 6
 For the foregoing reasons, the district court's order is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.