986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen MORALEZ, Defendant-Appellant.
 No. 92-1118.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Stephen Moralez was convicted for possession and distribution of marijuana. Mr. Moralez moved to vacate his sentence, contending that the laws prohibiting marijuana sale and use are unconstitutional, that the Federal Drug Enforcement Administration (DEA) is not a lawful federal body and that he was denied effective assistance of counsel because his attorney did not raise these issues at trial. The district court denied Mr. Moralez's motion prior to the receipt of his reply to the Government's response. The district court then denied Mr. Moralez's motion for reconsideration. Because we find Mr. Moralez's arguments to be without merit, we affirm.
 
 
 3
 Mr. Moralez first argues that the right to use and distribute marijuana is a fundamental right reserved to the people under the Ninth Amendment, and that the marijuana laws are in violation of the Due Process Clause. We review de novo the district court's determination that the federal marijuana laws are constitutional. United States v. Maher, 919 F.2d 1482, 1485 (10th Cir.1990). It is well settled that Congress has the power to pass narcotic laws under the Commerce Clause. Reina v. United States, 364 U.S. 507, 511 (1960). Moreover, as federal case law makes clear, there is "no fundamental right to produce or distribute marijuana commercially." United States v. Fry, 787 F.2d 903, 905 (4th Cir.1986); United States v. Fogarty, 692 F.2d 542, 547 (8th Cir.1982). Nor is the possession of marijuana a fundamental constitutional right. Wolkind v. Selph, 495 F.Supp. 507, 510 (E.D.Va.1980), aff'd, 649 F.2d 865 (4th Cir.1981); see also United States v. Greene, 892 F.2d 453, 454 (6th Cir.1989) (possession of marijuana not protected by the First Amendment).
 
 
 4
 Second, Mr. Moralez argues that the DEA is not a valid governmental agency because it was not correctly established under 5 U.S.C. § 903 (1988). According to Mr. Moralez, therefore, the use of any evidence at trial which was obtained from the DEA constitutes reversible error. We are unable to find any authority which supports Mr. Moralez's argument, and we are not persuaded by it.
 
 
 5
 Finally, Mr. Moralez contends he was denied effective assistance of counsel in violation of the Sixth Amendment. We review de novo to determine if a counsel's performance meets the legal standard for effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show a deficiency in the counsel's performance and a resulting prejudice to the defense. Id. at 687. Here, the alleged deficiency is the failure by Mr. Moralez's trial counsel to raise the unconstitutionality of the marijuana laws and the invalidity of the DEA. "Due process does not require the rote performance of futile exercises." Beachum v. Tansy, 903 F.2d 1321, 1330 (10th Cir.1990). Given that we have held Mr. Moralez's arguments to be without merit, trial counsel was not deficient in his representation by failing to raise these issues.[1]
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because we have held Mr. Moralez's arguments to be without legal merit, we further hold that the district court did not err in its failure to appoint counsel, hold an evidentiary hearing, or grant Mr. Moralez's motion for reconsideration