The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, AR 72753
Dear Representative Hunton:
This is in response to your request for an opinion on several questions concerning drug use and religious practice. You state that a group called "Our Church" intends to conduct activities to include drug use as part of their worship service, and that they claim protection from arrest "because of certain rights afforded under freedom of religion laws and our constitutional right to worship freely." Your specific questions in this regard are as follows:
 Under current law, can drugs be used during worship service and if so, under what conditions? Can drugs be grown or manufactured by a church and dispensed and if so, under what conditions? Can a drug such as marijuana be grown on grounds around a church building? Can a greenhouse be used for growing plants that are illegal such as marijuana and serve as a church building at the same time, therefore serving to circumvent the law?
I assume that your questions pertain to activities that would otherwise be subject to prosecution under state or federal law, and that the only defense at issue is the religious exercise claim. In other words, your inquiry focuses on the so-called "free exercise" claim, and the question of whether the constitutional and statutory protection of the exercise of religion could be successfully raised as a defense in a criminal prosecution.[1]
It must be initially noted that a conclusive answer to the questions raised would require a factual review of the particular group and the practices in question. This type of review is not within the scope of an opinion from this office. It seems clear, however, from a review of case law in this area, that there is no constitutionally mandated broad religious exemption from laws regulating the use and distribution of marijuana. See United States v. Rush, 738 F.2d 497
(1st Cir. 1984); U.S. v. Greene, 892 F.2d 453 (6th Cir. 1989). Pleas for religious exemption from marijuana laws have to date been rejected by the courts that have considered the issue. See Greene, supra; Olsen v. Drug Enforcement Admin.,878 F.2d 1458 (D.C. Cir. 1989); Rush, supra; United States v. Middleton, 690 F.2d 820 (11th Cir. 1982). As stated in Greene, supra:
 Every federal court that has considered this issue has accepted Congress' determination that marijuana poses a real threat to individual health and social welfare and has upheld criminal penalties for possession and distribution even where such penalties may infringe to some extent on the free exercise of religion.
892 F.2d at 456-457, citing Rush, supra; Middleton, supra; Leary v. United States, 383 F.2d 851 (5th Cir. 1967), rev'd on other grounds, 395 U.S. 6 (1969); Randall v. Wyrick,441 F. Supp. 312 (W.D.Mo. 1977); United States v. Kuch,288 F. Supp. 439 (D.D.C. 1968).
Whether a court would be willing to carve out an exception in a particular instance is a question that can only be addressed on a case-by-case basis, with reference to all of the surrounding facts and circumstances. My research has yielded no case to date in which a religious-use exemption from laws proscribing marijuana has been granted. To the contrary, as noted above, religious exemption claims have to date been uniformly rejected.
A proposal for a "restrictive religious exemption" was advanced unsuccessfully in Olsen v. DEA, supra, 878 F.2d at 1460. An effort was made in Olsen to distinguish prior cases wherein a broad exemption for marijuana use was denied, based upon the assertion that the Free Exercise Clause requires accommodation of the "time- and place-specific use" proposed. Id. at 1462. The District of Columbia Circuit Court of Appeals rejected the proposal, concluding that the marijuana usage by the church in question[2] could not be accommodated without undue interference with the government's interest in controlling the drug. Id. The court noted that the three circuits that had previously considered pleas for religious exemption from marijuana laws "each has rejected the argument that accommodation to sacramental use of the drug is feasible and therefore required." Id., citing Rush, supra, Olsen v. Iowa, 808 F.2d 652
(8th Cir. 1986), and Middleton, supra. With regard to the particular restrictive use proposal, the court found that accommodation would require "burdensome and constant supervision and management" not required by any "free exercise" precedent. Id. The court concluded that the exemption sought could not be granted "without unduly burdening or disrupting enforcement of the federal marijuana laws." Id. at 1463.[3]
It is my opinion that these cases portend the likely rejection of a religious-use exemption from laws regulating the possession or distribution of marijuana. Although these cases were decided before passage of the Religious Freedom Restoration Act (supra at n. 1), I believe the courts would in all likelihood have reached the same conclusion following application of that act. The act (approved by the U.S. Congress on November 16, 1993) establishes the legal standard to be applied in appraising laws alleged to constrain religious conduct. It requires application of the "compelling governmental interest" test in all cases where the exercise of religion is "substantially burdened." P.L. 103-141, Sec. 2(b). Under the act, government may substantially burden a person's exercise of religion only if it demonstrates that the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that . . . interest." Id. at Sec. 3(b). It cites specifically to the U.S. Supreme Court decisions in Sherbert v. Verner, 374 U.S. 398
(1963) and Wisconsin v. Yoder, 406 U.S. 205 (1972), and restores the "compelling interest test" as set forth in those cases. Id. at Sec. 2(b).
As noted, the cases discussed above were decided prior to this congressional enactment. It should be recognized, however, that in these cases, the marijuana laws in question were held to serve a compelling governmental interest. Yoder is, moreover, cited in several of the cases. See Randall v. Wyrick, 441 F. Supp. at 315, Olsen v. DEA, 878 F.2d at 1462, and U.S. v. Middleton, 690 F.2d at 825. The cases are, therefore, in my opinion distinguishable from Oregon v. Smith,494 U.S. 872 (1990) (overturned by the Religious Freedom Restoration Act), which refused to apply the compelling interest test to a neutral, generally applicable law. In other words, we have the benefit of judicial precedent on the compelling governmental interest requirement in the context of claims for religious exemption from marijuana laws. The courts have uniformly held that there is a compelling governmental interest in regulating and controlling the use of marijuana and its distribution in the United States. See U.S. v. Greene, supra, 892 F.2d at 456-457 and U.S. v. Rush, supra,738 F.2d at 512.
Additionally, with regard to the requirement that the free exercise burden be the "least restrictive means of furthering that compelling governmental interest" (P.L. 103-141, Sec. 3(b)), it is my opinion that the marijuana laws will in all likelihood generally meet this part of the legal standard as well. As stated above, each case will depend on its own facts. But, again, the courts have to date rejected arguments that accommodation to sacramental marijuana use is feasible. As stated by the First Circuit Court of Appeals in Rush, supra:
 [I]t has been recognized since [Leary v. United States, 383 F.2d 851 (5th Cir. 1967)] that accommodation of religious freedom is practically impossible with respect to marijuana laws:
 Congress has demonstrated beyond doubt that it believes marijuana is an evil in American society and a serious threat to its people. It would be difficult to imagine the harm which would result if the criminal statutes against marijuana were nullified as to those who claim the right to possess and traffic in this drug for religious purposes. For all practical purposes the anti-marijuana laws would be meaningless, and enforcement impossible.
738 F.2d at 513, quoting Leary, 383 F.2d at 861, quoted in Middleton, supra, 690 F.2d at 825; see also United States v. Kuch, supra, 288 F. Supp. at 447.
The court in Middleton concluded that the governmental interest in regulating marijuana would be "substantially harmed" by allowing use of the drug by the Ethiopian Zion Coptic Church.690 F.2d at 825.
In conclusion, therefore, current case law clearly indicates that courts are unwilling to extend a broad exemption for the religious use of marijuana. And at least one court has rejected a proposal for a time- and place-specific use of the drug. Assuming that the activities outlined in your request would be subject to prosecution, it is my opinion that a religious-use exemption would likely be denied, although the issue could only be conclusively addressed by a fact finder with reference to the particular circumstances in each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] The Free Exercise Clause of the First Amendment to the U.S. Constitution, which has been made applicable to the States by incorporation into the Fourteenth Amendment (see Cantwell v. Connecticut, 310 U.S. 296 (1940)), provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const., Amend. 1 (emphasis added). The "Religious Freedom Restoration Act of 1993" (P.L. 103-141) restores the "compelling interest test" in all cases where the free exercise of religion is "substantially burdened."
[2] Olsen involved the Ethiopian Zion Coptic Church whose sacrament is marijuana. Id. at 1459. The tenets of the church endorse marijuana use every day throughout the day. Id. at 1462. The proposal in question, however, involved confined use of the drug.
[3] It should perhaps be noted that an establishment clause — equal protection challenge was also rejected in Olsen. It was contended that a religious exemption from marijuana laws must be granted on the same terms as the peyote exemption for the Native American Church. See 21 C.F.R. 1307.31 (1991) (federal regulation exempting the religious use of peyote by members of the Native American Church). The court, in rejecting this argument, distinguished between the abuse and availability of marijuana and peyote in the United States (id. at 1463), and noted that the peyote exemption was accorded to the Native American Church for a "traditional, precisely circumscribed ritual." Id. at 1464. See also United States v. Rush, supra (characterizing the peyote exemption as "a government `effort toward accommodation' for a `readily identifiable,' `narrow category' which has minimal impact on the enforcement of the laws in question."738 F.2d at 513, quoting United States v. Lee, 455 U.S. 252, 260 n. 11, 261). The court in Rush also stated that the peyote exemption "is uniquely supported by the legislative history and congressional findings underlying the American Indian Religious Freedom Act. . . ." 738 F.2d at 513. See also U.S. v. Boyll,774 F. Supp. 1333 (D.N.M. 1991) (regarding uniqueness of the peyote ceremony).