72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of AMERICA, Appellee,
v.
Thomas F. BROWN, Appellant.
 No. 95-1616.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 29, 1995
Filed Dec. 12, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury found Thomas F. Brown guilty of one count of manufacturing marijuana and one count of manufacturing peyote, in violation of 21 U.S.C. Sec. 841(a)(1), and found Brown used his forty-acre tract of land to facilitate the manufacturing process, thus subjecting the property to forfeiture under 21 U.S.C. Sec. 853; the district court[1] sentenced Brown to 121 months imprisonment. Brown challenges his conviction and sentence, and we affirm.
 
 
 2
 In January 1994 Brown helped establish Our Church, and he deeded one of his forty acres of property to the church. The covenants of deed provided that Our Church would produce medicinal herbs and plants "possessed of the properties of spiritual enlightenment" and would distribute such herbs to the sick. Brown informed law enforcement officials and the media that Our Church members intended to grow and distribute marijuana on the property; Our Church members had a public marijuana planting ceremony. In August 1994 law enforcement officials seized 435 marijuana plants and a bucket containing 3 peyote plants which had formed 5 buds.
 
 
 3
 Following Brown's indictment, the government filed a motion in limine to exclude from the trial any evidence or references relating, inter alia, to Brown's contention that his religious beliefs provided him with a legal right to grow or distribute marijuana and peyote, and that the First Amendment and the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. Sec. 2000bb--2000bb-4, provided him with a legal defense to the charges. At a one-day hearing on the motion in limine, Brown and other Our Church members or participants testified about the role marijuana played in their spiritual quest, how their interest in supplying marijuana to the sick was part of their religious tenets, and that church policy allowed distribution to anyone who wanted to join the spiritual quest, including children with parental permission.
 
 
 4
 The district court assumed for the purposes of the hearing and trial that Brown was engaged in the exercise of a religion, and that the grand jury indictment was a burden on his free exercise of that religion. The court concluded, however, that the law clearly established that the government had a compelling interest in regulating marijuana and other drugs, and that the government had tailored the interest as narrowly as it could to prevent the kinds of dangers Congress believed existed. Thus, the district court concluded, as a matter of law, that the RFRA was not available to Brown as a defense. The court granted the government's motion in limine, and barred admission at trial of all evidence covered in the government's motion.
 
 
 5
 After Brown's first two appointed attorneys were allowed to withdraw because of disagreements with Brown over his representation, the district court gave Brown the choice of proceeding pro se with standby counsel or utilizing the full assistance of counsel who would present his defense. Brown chose to proceed pro se rather than have counsel direct the course of the representation.
 
 
 6
 Following a two-day criminal trial, the jury returned a guilty verdict on all three counts. The district court sentenced Brown to 121 months imprisonment, four years supervised release, and $17,500 in fines. Brown moved for a new trial, arguing only that he was denied the assistance of counsel, which the district court denied.
 
 
 7
 On appeal Brown argues (1) the district court erred in restricting him from advancing any of his defenses at trial, (2) the government lacked power under the Commerce Clause to prohibit growing and using marijuana, (3) the court improperly denied him a reduction for acceptance of responsibility at sentencing under U.S.S.G. Sec. 3E1.1, and (4) the court denied him assistance of counsel.
 
 
 8
 It is well established that religious conduct does not enjoy the absolute constitutional protection afforded freedom of religious belief. See United States v. Greene, 892 F.2d 453, 456 (6th Cir.1989), cert. denied, 495 U.S. 935 (1990). Under the RFRA, the "[g]overnment may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person--(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. Sec. 2000bb-1(b). See also United States v. Lee, 455 U.S. 252, 256-59 (1982) (First Amendment challenge; standard for determining if law interferes with religious conduct).
 
 
 9
 We have recognized that the government has a compelling state interest in controlling the use of marijuana. See United States v. Fogarty, 692 F.2d 542, 547-48 (8th Cir.1982) (classification of marijuana is rationally based and is matter for legislative, not judicial, prerogative), cert. denied, 460 U.S. 1040 (1983); see also Greene, 892 F.2d at 455-56; United States v. Rush, 738 F.2d 497, 512-13 (1st Cir.1984), cert. denied, 470 U.S. 1004 (1985); United States v. Middleton, 690 F.2d 820, 822-24 (11th Cir.1982), cert. denied, 460 U.S. 1051 (1983).
 
 
 10
 We agree with the district court that, based on Our Church's broad use, the government could not have tailored the restriction to accommodate Our Church and still protected against the kinds of misuses it sought to prevent. Cf. United States v. Merkt, 794 F.2d 950, 956-57 (5th Cir.1986) (national border control laws), cert. denied, 480 U.S. 946 (1987). Thus, under the circumstances of this case, we conclude the district court correctly determined that Brown could not prevail under the RFRA or the First Amendment. See Rush, 738 F.2d at 513 (rejected First Amendment defense as matter of law). We also conclude the district court did not abuse its discretion in disallowing Brown's other defenses. See Fed.R.Evid. 402; United States v. Hollister, 746 F.2d 420, 422 (8th Cir.1984) (district court has broad discretion in determining relevance).
 
 
 11
 We need not consider Brown's Commerce Clause and sentencing arguments because they are raised for the first time on appeal. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir.1993), cert. denied, 114 S.Ct. 887 (1994) (absent plain error, we will not consider issues raised for first time on appeal).
 
 
 12
 Finally, we note Brown does not have a constitutional right to hybrid representation, see McKaskle v. Wiggins, 465 U.S. 168, 184 (1984), which means he cannot demand the right to act as co-counsel. See United States v. Swinney, 970 F.2d 494, 497 (8th Cir.), cert. denied, 113 S.Ct. 632 (1992), and cert. denied, 113 S.Ct. 1650 (1993). The record is clear that, given the choice of proceeding pro se with standby counsel or utilizing the full assistance of counsel, Brown unequivocally chose to represent himself. Thus, the district court committed no error.
 
 
 13
 Accordingly, Brown's conviction and sentence is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas