**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bradley Albert SMITH, Defendant–**
**Appellant.**

No. 01–5774.

United States Court of Appeals,
Sixth Circuit.

Aug. 23, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and CARR, District Judge.*

### ORDER

Bradley Albert Smith, a federal prisoner, appeals his conviction and sentence for possessing marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Although initially represented by counsel, Smith proceeded pro se in the district court with stand-by counsel. On February 13, 2001, Smith entered a conditional guilty plea, pursuant to a written plea agreement, and admitted possessing 40 pounds of marijuana with the intent to distribute on or about July 8, 1997. Because of his two prior felony drug convictions, Smith was classified as a career offender for purposes of sentencing. At sentencing on June 6, 2001, he moved to withdraw his plea, arguing that the government had failed to prove that marijuana was harmful. The district court denied the motion, overruled Smith's objections to the presentence investigation report, and sentenced him to 86 months in prison.

Smith's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues Smith requested: 1) whether the district court erred by denying Smith's motion to withdraw his plea; 2) whether the Controlled Substances Act, as applied to marijuana, is an illegal restraint of trade; 3) whether marijuana should be legal as the human body has a receptor system for it; 4) whether the classification of marijuana as a controlled substance is constitutionally irrational; and 5) whether Smith's first felony drug conviction should be counted against him. In Smith's response, he requests the appointment of new counsel, but does not raise any additional issues.

Upon review, we grant counsel's motion to withdraw because counsel has filed an acceptable *Anders* brief that raises the only issues determined to be arguable.

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

The issues raised lack merit. First, the district court did not abuse its discretion by denying Smith's motion to withdraw his plea. *See United States v. Stephens,* 906 F.2d 251, 252 (6th Cir.1990). Under Rule 32(e) of the Federal Rules of Criminal Procedure, a district court may permit a guilty plea to be withdrawn if the defendant shows "any fair and just reason." Fed.R.Crim.P. 32(e). The purpose of the rule is to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991) (quoting *United States v. Carr,* 740 F.2d 339, 345 (5th Cir.1984)). In *United States v. Bashara,* 27 F.3d 1174 (6th Cir.1994), this court listed seven factors to consider in evaluating a motion to withdraw a guilty plea: 1) the amount of time between the plea and the motion to withdraw; 2) the defendant's reason for not moving to withdraw earlier; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the defendant's prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted. *Id.* at 1181.

The district court properly denied Smith's motion to withdraw his plea because, when considered as a whole, the factors weighed against granting the motion. The amount of time that elapsed between the time of his guilty plea and the motion to withdraw was excessive as Smith did not move to withdraw his plea until the day of sentencing, 113 days after his guilty plea. *See United States v. Spencer,* 836 F.2d 236, 239 (6th Cir.1987) (five weeks was excessive); *Carr,* 740 F.2d at 345 (22

days after plea and 3 days before sentencing was excessive). As his reason for not filing earlier, Smith alleged at sentencing that stand-by counsel had failed to file the motion despite his request. However, counsel immediately denied that Smith had made any request, and it was for the district court to determine Smith's credibility. Smith did not maintain that he was actually innocent of possessing marijuana, but instead argued that it should not be a crime because he believed that marijuana had legitimate medical uses. Furthermore, review of the circumstances of the plea show that Smith did not hastily enter a guilty plea as he waited 15 months after he was indicted before pleading guilty. At the plea hearing, the court carefully examined Smith to make sure that Smith understood his rights, including the right to an attorney, and was freely entering a guilty plea. Also, Smith's experience with the criminal justice system, which dates back to 1966, is extensive and includes numerous marijuana charges. Thus, Smith did not have an unsure heart or a confused mind when he entered his guilty plea.

Second, the Controlled Substances Act, 21 U.S.C. §§ 841–904, as applied to marijuana, is not an illegal restraint of trade under the Sherman Anti–Trust Act. The federal government simply is not under the governance of the Sherman Act. *Dep't of Water & Power v. Bonneville Power Admin.,* 759 F.2d 684, 693 n. 12 (9th Cir. 1985); *Sea–Land Serv. v. Alaska R.R.,* 659 F.2d 243, 244 (D.C.Cir.1981). Additionally, no intolerable conflict exists between the two Acts as they were designed to deal with entirely different problems. *See Morton v. Mancari,* 417 U.S. 535, 550, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974).

Third, the court declines to consider whether marijuana should be legal because the human body allegedly has a receptor system for it. Reclassification of a drug

based on new scientific evidence is a matter for the legislature and the attorney general, not the judiciary. *United States v. Burton*, 894 F.2d 188, 192 (6th Cir.1990); *United States v. Greene*, 892 F.2d 453, 456 (6th Cir.1989).

Fourth, courts have held that the classification of marijuana as a controlled substance was a rational decision by Congress, and we will not disturb that decision; the judiciary may not sit as a super legislature to review legislative policy determinations which do not affect fundamental rights and which involve numerous and controversial medical, scientific, and social issues. *See Greene*, 892 F.2d at 455–56; *United States v. Fry*, 787 F.2d 903, 905 (4th Cir.1986); *United States v. Fogarty*, 692 F.2d 542, 547 (8th Cir.1982); *United States v. Middleton*, 690 F.2d 820, 823 (11th Cir.1982).

Finally, because Smith served his first felony sentence within 15 years of the date of his instant offense, he was properly sentenced as a career offender. *See* USSG § 4B1.1, comment. n. 1, and § 4B1.2, comment. n. 4 (referring to USSG § 4A1.2); *United States v. Robertson*, 260 F.3d 500, 509 (6th Cir.2001).

We have reviewed the entire record and have discovered no other colorable issues for appeal.

Accordingly, counsel's motion to withdraw is granted, Smith's motion for new counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.