**Abigail STORM–EGGINK,**
**Plaintiff–Appellant,**

v.

**Richard GOTTFRIED, Sheldon Silver,**
**Thomas Duane, Defendants–**
**Appellees.**

**No. 10–823–CV.**

United States Court of Appeals,
Second Circuit.

Feb. 2, 2011.

Abigail Storm–Eggink, pro se, Kingston, NY, for Appellants.

PRESENT: RALPH K. WINTER, ROBERT D. SACK, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Abigail Storm–Eggink, proceeding *pro se*, appeals from the district court's judgment dismissing her complaint *sua sponte*. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Although the district court did not specify the basis for its decision dismissing Storm–Eggink's complaint, "we may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court." *Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir.2006) (per curiam). A district court has the inherent authority to dismiss an action as frivolous, regardless of whether the plaintiff has been granted leave to proceed *in forma pauperis*. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir.2000). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While we have not yet decided whether review of *sua sponte* dismissals is *de novo* or for an abuse of discretion, we conclude that the district court's decision "easily passes muster under the more rigorous *de novo* review." *Fitzgerald*, 221 F.3d at 364 n. 2.

After reviewing the record, we find that Eggink's action lacks an arguable legal basis and is thus frivolous. With respect to Storm–Eggink's claim pursuant to 42 U.S.C. § 1983, it is clear that her arrest for possession of marijuana did not deprive her of a constitutional right. *See United States v. Kiffer*, 477 F.2d 349, 352 (2d Cir.1973); *see also United States v. Fry*, 787 F.2d 903, 905 (4th Cir.1986) ("There is no fundamental right to produce or distribute marijuana commercially."); *United States v. Fogarty*, 692 F.2d 542, 547 (8th Cir.1982) ("[T]here is no fundamental constitutional right to import, sell, or possess marijuana ...."); *cf. United States v. Greene*, 892 F.2d 453, 454 (6th Cir.1989) (holding that possession of marijuana is not protected by the free exercise clause of the First Amendment); *United States v. Middleton*, 690 F.2d 820, 825–26 (11th Cir. 1982) (same).

Further, to the extent that Storm–Eggink sought to pursue claims under 18 U.S.C. §§ 241 and 242, both criminal statutes, we have held that there is no private right of action under § 242, *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994), while nothing in the language or structure of § 241 suggests that Congress intended to create a private right of action under that section, *see* 18 U.S.C. § 241; *Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987); *see also Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (refusing to infer a private right of action from a "bare criminal statute"); *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not ... by private complaints."). Accordingly, Storm–Eggink's complaint lacks an arguable legal basis,

and the judgment of the district court is hereby **AFFIRMED.**