**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 6 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICK HOMANS,

       Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,
a Municipal corporation; MARGIE
BACA ARCHULETA, in her capacity
as Clerk of the City of Albuquerque,

       Defendants-Appellees.

No. 01-2271

---

**ON EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**
**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 01-CV-917-MV)**

---

Submitted on the briefs:

Thomas C. Bird and Richard L. Alvidrez, of Keleher & McLeod, P.A.,
Albuquerque, New Mexico, for Plaintiff-Appellant.

Randy M. Autio and Daniel E. Ramczyk, Assistant City Attorneys, Albuquerque,
New Mexico; Brenda Wright and John C. Bonifaz, of National Voting Rights
Institute, Boston, Massachusetts, for Defendants-Appellees.

---

Before **KELLY** and **MURPHY** , Circuit Judges.

---

**PER CURIAM** .

Plaintiff-Appellant Rick Homans has filed an emergency motion for an injunction pending appeal, Fed. R. App. P. 8; 10th Cir. R. 8.1 & 8.2, and an alternative motion for suspension of the appellate rules and expedited review of the district court's denial of his application for a preliminary injunction, Fed. R. App. P. 2, 10th Cir. R. 2  We find that the emergency motion for an injunction pending appeal is well taken and should be granted thereby obviating the need to decide the alternative motion.

Background

Plaintiff-Appellant, Rick Homans is a duly qualified mayoral candidate in the upcoming October 2, 2001, Albuquerque mayoral election.  He brought this action against Defendants-Appellees, the City of Albuquerque, and Margie Baca Archuleta, Clerk of the City of Albuquerque, seeking declaratory relief that Article XIII, Section 4(d)(2) of the Albuquerque City Charter violates the First Amendment of the United States Constitution.  He also sought a preliminary and permanent injunction against the City and the Clerk enjoining them from enforcing the provision.  That provision limits the acceptance of campaign contributions and expenditures by mayoral candidates to $174,720.00[1]  The

---

[1] In pertinent part, the provision states:

(continued...)

district court found that under the terms of the City Charter, Mr. Homans is subject to a $500 fine for each violation of the expenditure limitations and, if Mr. Homans is successful in his bid for mayor, a potential public reprimand and removal from office by the Albuquerque City Council. D. Ct. Memo. Op. & Order at 2. Mr. Homans does not challenge the limitation on individual campaign contributions of no more than 5% of the mayor's annual salary contained in Article XIII , Section 4(e) of the Albuquerque City Charter. I App. Doc. 3 at 1 n.1.

After a hearing, the district court granted Mr. Homans a temporary restraining order. Ten days later, the district court held another hearing, receiving further evidence, and denied a preliminary injunction. The district court acknowledged that the Supreme Court had invalidated, on First Amendment grounds, certain federal provisions limiting campaign expenditures, while

---

[1](...continued)

      (d)    *Limits to Campaign Financing.* No candidate shall allow or accept contributions or make expenditures in excess of the following for any election:
        . . . .
      (2)    To a candidate for the office of Mayor, contributions or expenditures equal to twice the amount of the annual salary paid by the City of Albuquerque to the Mayor as of the date of filing of the Declaration of Candidacy.

I App. Doc. 3, Ex. D. The current mayoral salary is $87,360.00. Id. Doc. 3 at 4; Doc. 4 at 2.

upholding other provisions limiting campaign contributions.  D. Ct. Memo. Op. &

Order at 10 (citing Buckley v. Valeo, 424 U.S. 1 (1976) (per curiam)).  However,

the district court was persuaded to read the holding of Buckley v. Valeo narrowly

based not only on the passage of time, but also by "[t]he abundance of judicial

commentary on compelling governmental interests which fall outside the ambit of

Buckley . . . ."  Memo. Op. & Order at 10.  The district court determined that the

expenditure limits were narrowly tailored to meet compelling governmental

interests, specifically, preserving faith in democracy and reducing the appearance

of corruption.  The district court found an inverse relationship between voter

turnout and campaign expenditures, at least in Albuquerque.  It also determined

that the public favors spending limits as improving the fairness of elections and

insuring that all may become candidates, regardless of financial resources,

without becoming beholden to special interests.


Discussion

For us to consider a request for a stay or an injunction pending appeal, 10th

Cir. R. 8.1 requires the applicant to address the following: "(a) the likelihood of

success on appeal; (b) the threat of irreparable harm if the stay or injunction is not

granted; (c) the absence of harm to opposing parties if the stay or injunction is

granted; and (d) any risk of harm to the public interest."  In ruling on such a

request, this court makes the same inquiry as it would when reviewing a district court's grant or denial of a preliminary injunction. McClendon v. City of Albuquerque, 100 F.3d 863, 868 n.1 (10th Cir. 1996). Thus, we must consider, based on a preliminary record, whether the district court abused its discretion and whether the movant has demonstrated a clear and unequivocal right to relief. Utah Licensed Beverage Ass'n v. Leavitt, 256 F.3d 1061, 1066 (10th Cir. 2001).

The district court determined that Mr. Homans had not shown a likelihood of success on the merits because Buckley v. Valeo did not present an absolute bar to expenditure limits and the expenditure provision was narrowly tailored to meet a compelling governmental interest. It also determined that the public interest was better served by the denial of an injunction given public opinion about the benefits of expenditure limitations and the probable increased voter turnout with those limitations. Recognizing the importance of Mr. Homans' First Amendment right to political expression, the district court found that Mr. Homans made a sufficient showing of irreparable harm to merit a preliminary injunction and that the balance of the harms favored Mr. Homans.[2]

Before turning to these factors, Fed. R. App. P. 8(a)(1)(C) also requires that a motion for an injunction while an appeal is pending must ordinarily be made first in the district court. Mr. Homans suggests that he should be excused from

---

[2] We agree.

this requirement because the district court would essentially make the same inquiry it made before and only a short time remains before the October 2, 2001 election. Although it remains this court's strong preference that relief pending appeal be sought first in the district court, we have excused this requirement where another application to the district court would serve little purpose. McClendon v. City of Albuquerque, 79 F.3d 1014, 1020 (10th Cir. 1996). We do so here because of the immediacy of the problem and the district court's legal error concerning the First Amendment.

Mr. Homans has demonstrated a substantial likelihood of success on the merits on his First Amendment claim that campaign expenditure limitations are unconstitutional given the Supreme Court's clear statement that such limitations are subject to "the exacting scrutiny applicable to limitations on core First Amendment rights of political expression" and do not survive even under the rationale of (1) deterring corruption and preventing evasion of contribution limits, (2) equalizing the financial resources of the candidates, and (3) restraining the cost of election campaigns for its own sake. Buckley, 424 U.S. at 54-55. In arguing that Buckley need not be overruled to sustain expenditure limitations, Defendants remind us that "[t]he facts do matter, even when the courts are applying the strictest standard of constitutional review." Aplees. Memo. at 9. When it comes to the First Amendment, however, an appellate court makes an

independent examination of the record to protect against the diminution of First Amendment rights. Wells v. City & County of Denver, 257 F.3d 1132, 1146-47 (10th Cir. 2001).

The district court made factual findings to support its identification of compelling governmental interests served by the expenditure limitations. The compelling governmental interests identified by the district court, under the broad headings of preserving faith in democracy and deterring the appearance of corruption, are really no different than the interests deemed insufficient to justify expenditure limitations in Buckley.

The district court also perceived that the Supreme Court currently was divided over Buckley's scope. It bears noting that the Supreme Court cases relied upon by the district court all involve limitations on contributions, and even then, the statements are not those of a majority even if joined by other members of the Court. See, e.g., Colorado Republican Federal Campaign Committee v. Federal Election Comm'n, 518 U.S. 604, 649-50 (1996) (Stevens, J. dissenting); Nixon v. Shrink Missouri Government PAC, 528 U.S. 377, 405 (2000) (Breyer, J. concurring); id. at 409 (Kennedy, J. dissenting). Moreover, the Supreme Court has not suggested that the distinction between campaign expenditures and campaign contributions is about to change. FEC v. Colorado Republican Federal Campaign Committee, 121 S. Ct. 2351, 2356 (2001) ("We first examined the

Federal Election Campaign Act of 1971 in <u>Buckley v. Valeo</u>, 424 U.S. 1, 96 S. Ct. 612, 46 L. Ed. 2d 659 (1976) (per curiam), where we held that the Act's limitations on contributions to a candidate's election campaign were generally constitutional, but that limitations on election expenditures were not. <u>Id.</u>, at 12-59, 96 S. Ct. 612. Later cases have respected this line between contributing and spending.").

The district court also relied upon a concurring opinion in <u>Kruse v. City of Cincinnati</u>, 142 F.3d 907, 919-20 (6th Cir. 1998) (Cohn, D.J., concurring), suggesting that <u>Buckley</u> might not be the last word on expenditure limits. We note that the panel in <u>Kruse</u> held an expenditure limitation invalid on the strength of <u>Buckley</u>, employing an analysis similar to that we employ here. Similarly, in <u>Landell v. Sorrell</u>, 118 F. Supp. 2d 459, 481-83 (D. Vt. 2000), a district court invalidated a campaign expenditure limitation in Vermont.

Having determined that Mr. Homans has demonstrated a substantial likelihood of success on the merits, we believe that the public interest is better served by following binding Supreme Court precedent and protecting the core First Amendment right of political expression. Although Defendants argue that Mr. Homans has not demonstrated irreparable harm because he should have sought a judicial determination before exceeding the expenditure limitations and seeking federal injunctive relief, we are unpersuaded. Mr. Homans was not

-8-

required to participate in state court proceedings to vindicate his federal rights, see Edwards v. Balisok, 520 U.S. 641, 649 (1997) ("§ 1983 contains no judicially imposed exhaustion requirement") and Mr. Homans reasonably relied upon assurances that the expenditure caps would not be enforced.

Because all of the requirements have been satisfied for an injunction pending appeal, Defendants City of Albuquerque and Defendant Margie Baca Archuleta, in her capacity of Clerk of the City of Albuquerque, are hereby enjoined from further enforcing Article XIII, Section 4(d)(2) of the Albuquerque City Charter, pending further order of this court.

IT IS SO ORDERED.