O CENTRO ESPIRITA BENEFI-CIENTE UNIAO DE VEGETAL, also known as Uniao do Vegetal (USA), Inc., a New Mexico corporation on its

---

own behalf and on behalf of all of its members in the United States; Jeffrey ·Bronfman, individually and as Vice–President of UDV–USA; Daniel Tucker, individually and as Vice–President of UDV–USA; Christina Barreto, individually and as Secretary of UDV–USA; Fernando Barreto, individually and as Treasurer of UDV–USA; Christine Berman, Mitchel Berman, Jussara de Almeida Dias, also known as Jussara Almeida Dias, Patricia Domingo, David Lenderts, David Martin, Maria Eugenia Pelaez, Bryan Rea, Don St. John, Carmen Tucker, and Solar Law, individually and as members of UDV–USA, Plaintiffs–Appellees,

v.

John ASHCROFT, Attorney General of the United States; Asa Hutchinson, Administrator of the United States Drug Enforcement Administration; Paul H. O'Neill, Secretary of the Department of Treasury of the United States; David C. Iglesias, United States Attorney for the District of New Mexico; David F. Fry, Resident Special Agent in Charge of the United States Customs Service Office of Criminal Investigation in Albuquerque, New Mexico; all in their official capacities, Defendants–Appellants.

No. 02–2323.

United States Court of Appeals, Tenth Circuit.

Dec. 12, 2002.

Michael Jay Singer and Matthew M. Collette, of Appellate Staff, Washington, DC, for Defendants–Appellants.

Nancy Hollander and John W. Boyd, of Freedman, Boyd, Daniels, Hollander, Goldberg & Cline P.A., Albuquerque, NM, for Plaintiffs–Appellees.

Before KELLY and HARTZ, Circuit Judges.

## ORDER

PAUL KELLY, JR., Circuit Judge.

This matter is before the court on the government's emergency motion for a stay pending appeal, or alternatively an administrative stay pending consideration of a stay pending appeal. Upon consideration thereof,

(1) The government seeks a stay of the district court's November 13, 2002, preliminary injunction enjoining the government from enforcement of the Controlled Substances Act ("CSA"), as it pertains to Plaintiffs' importation, possession, and distribution of hoasca for religious ceremonies. Hoasca is a tea-like mixture made from two Brazilian plants, one of which contains a hallocinogenic controlled substance known as dimethyltryptamine ("DMT"), a Schedule I controlled substance. The district court's preliminary injunction incorporated various findings from its August 12, 2002, memorandum opinion and order which rejected many of the Plaintiffs' claims but determined that Plaintiffs were entitled to a preliminary injunction under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb.

 (2) We recently discussed the applicable standard for a stay pending appeal in *Homans v. City of Albuquerque,* 264 F.3d 1240 (10th Cir.2001).

For us to consider a request for a stay or an injunction pending appeal, 10th Cir. R. 8.1 requires the applicant to address the following: "(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or

injunction is granted; and (d) any risk of harm to the public interest." In ruling on such a request, this court makes the same inquiry as it would when reviewing a district court's grant or denial of a preliminary injunction. *McClendon v. City of Albuquerque,* 100 F.3d 863, 868 n. 1 (10th Cir.1996).

*Homans,* 264 F.3d at 1243. When reviewing the district court's grant of preliminary injunctive relief, we may set it aside for an abuse of discretion, an error of law or clearly erroneous factual findings. *See SCFC ILC, Inc. v. Visa USA, Inc.,* 936 F.2d 1096, 1098–99 (10th Cir.1991). Because the injunction in this case alters the status quo (enforcement of the Controlled Substances Act ("CSA") and compliance with the 1971 UN Convention on Psychotropic Substances), the proponents of the injunction should have demonstrated to the district court that the right to relief was "clear and unequivocal." *Id.*

(3) Here, all parties agree that enforcement of the CSA substantially burdens the Plaintiffs' exercise of religion. 42 U.S.C. § 2000bb–1(a). It thus became the government's burden to demonstrate that the burden furthers a compelling governmental interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000bb–1(b). The government had "the burdens of going forward with the evidence and of persuasion." 42 U.S.C. § 2000bb–2(3); *United States v. Hardman,* 297 F.3d 1116, 1130 (10th Cir. 2002). This circuit has not decided on the appropriate standard of review for a "least restrictive means" analysis by the district court. *Id.* However, we have made it clear that the "ultimate determination as to whether the RFRA has been violated" is reviewed de novo. *United States v. Meyers,* 95 F.3d 1475, 1482 (10th Cir.1996).

■ (4) Although RFRA is incorporated into the CSA and must inform treaty obligations, we grant the government's motion in this case for two reasons. First, the district court's conclusion that the 1971 UN Convention on Psychotropic Substances does not extend to hoasca is in considerable tension with the language of that Convention, particularly Article 1(f), defining "preparation" and Article 3, § 1 providing that "a preparation is subject to the same measures of control as the psychotropic substances which it contains." Hoasca is plainly a preparation containing DMT. As for the argument that plants cannot constitute preparations, Article 32, § 4 permits "reservations concerning these plants" for magical or religious rites, thereby suggesting that plants are covered, although a reservation concerning a plant (i.e., a substance contained in a plant) is possible. We are unpersuaded that the Commentary or contrary opinions on the meaning of the Convention are sufficient to override the plausible interpretation of the Convention by the executive.

(5) Second, the district court's factual findings are in considerable tension with (if not contrary to) the express findings in the CSA that "any material, compound, mixture, or preparation which contains any quantity of" DMT, 21 U.S.C. § 812 Schedule 1(c), "has a high potential for abuse[,] . . . has no currently accepted medical use in treatment in the United States[,] . . . [and][t]here is a lack of accepted safety for use of the drug or other substance under medical supervision." 21 U.S.C. § 812(b)(1) (Schedule I required findings); *see also* 21 U.S.C. § 801(2) (Congressional findings). The CSA prohibition on involvement with controlled substances is extremely broad. *See* 21 U.S.C. §§ 841(a)(1), 952(a); *United States v. Oakland Cannabis Buyers' Co–op.,* 532 U.S. 483, 493, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001).

(6) Courts have routinely rejected religious exemptions from laws regulating controlled substances employing tests similar to that required by RFRA. *See United States v. Greene,* 892 F.2d 453, 456–57 (6th Cir.1989); *Olsen v. DEA,* 878 F.2d 1458, 1461–62 (D.C.Cir.1989); *Olsen v. Iowa,* 808 F.2d 652, 653 (8th Cir.1986); *United States v. Rush,* 738 F.2d 497, 512–13 (1st Cir. 1984); *United States v. Middleton,* 690 F.2d 820, 824 (11th Cir.1982); *see also Employment Div. v. Smith,* 494 U.S. 872, 905, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) (O'Connor, J., concurring). Even after enactment of RFRA, religious exemptions from or defenses to the CSA have not fared well. *See United States v. Brown,* 72 F.3d 134, 1995 WL 732803 (8th Cir. 1995); *United States v. Jefferson,* 175 F.Supp.2d 1123, 1131 (N.D.Ind.2001). Moreover, as noted by the government here, permission for sacramental use of peyote was granted by Congress *after* enactment of RFRA, suggesting Congressional doubts that RFRA was sufficient (alone) to grant an exemption. Gov't Reply Br. at 9 (citing 42 U.S.C. § 1996a).

(7) The government suffers irreparable injury when its criminal laws are enjoined without adequately considering the unique legislative findings in this field. *See Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351, 98 S.Ct. 359, 54 L.Ed.2d 439 (1977) (Rehnquist, J.) (granting stay) ("It also seems to me that any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."). Although we do not minimize the imposition on the Plaintiffs' free exercise of their religious beliefs, a stay will merely reinstate the status quo. Concerning the public interest, we have Congressional findings in the CSA regarding the dangers caused by controlled substances "to the health and general welfare of the American people." § 801(2). Moreover, the government contends that an injunction requiring the federal government to violate an international treaty could have serious consequences for efforts to obtain the assistance of other nations in drug control; we are reluctant to second-guess the executive regarding the conduct of international affairs. *See INS v. Abudu,* 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (INS decisions entitled to special deference because INS officials "must exercise especially sensitive political functions that implicate questions of foreign relations"). Furthermore, free exercise case law pre-*Employment Div.* suggests that religious accommodations requiring "burdensome and constant official supervision and management" are especially disfavored. *Olsen,* 878 F.2d at 1462–63. As indicated by the district court's thirty-six conditions in its preliminary injunction, *see, e.g.,* Gov't Emer. Motion, tab A at 4, ¶¶ 7 (requiring provision of social security numbers if requested by the DEA of handlers of hoasca outside of ceremonies); 13 (if DEA requests inspection and Plaintiffs believe DEA inspection would violate association rights, Plaintiffs may withhold inspection pending district court determination of whether the inspections are lawful), extensive judicial and administrative oversight of the Plaintiffs' handling and use of hoasca would likely be necessary in any arrangement that permits Plaintiffs' religious use of hoasca while respecting the public interest in preventing diversion of DMT and protecting the public health and safety.

The government's emergency motion for a stay pending appeal is granted and the district court's preliminary injunction is stayed pending further order of this court.