**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JIMMY PHILLIPS,

      Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; REGINALD HINES,
Warden; SUSAN MILAN, Health
Services Administrator; BARBARA
WILSON, Unit Manager; FELIX
KELLY; TONITA TAYLOR,
Administrative Officer, in their
official and individual capacities,

      Defendants-Appellees.

No. 03-6161
(D.C. No. 03-CV-295-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellant Jimmy Phillips, a prisoner at the Lexington (Oklahoma) Correctional Facility appearing pro se, appeals from the district court's May 27, 2003 order denying his motion for a temporary restraining order or preliminary injunction.[1]  He also has filed in this court motions for an injunction pending appeal and for leave to proceed in this court without prepayment of costs and fees.  As in the district court, he seeks an order directing appellees to reassign him for medical reasons from kitchen work or outside labor-pool work to cool, sedentary work.  Upon consideration, we grant the motion for leave to proceed without prepayment of costs and fees, affirm the district court's order, and deny the motion for an injunction pending appeal.

In order to demonstrate his entitlement to an injunction pending appeal, 10th Cir. R. 8.1 requires appellant to address:  (1) the likelihood that he will succeed on appeal; (2) the threat that he will be irreparably harmed if the injunction is not granted; (3) the absence of harm to appellees if the injunction is granted; and (4) any risk of harm to the public interest.  <u>Homans v. City of</u>

_____

[1]     Although appellant requested both a preliminary injunction and a temporary restraining order in the district court, under the circumstances of this case, this court has jurisdiction to consider only the denial of the preliminary injunction. <u>See</u> <u>Populist Party v. Herschler</u>, 746 F.2d 656, 661 n.2 (10th Cir. 1984).

Albuquerque, 264 F.3d 1240, 1243 (10th Cir. 2001) (per curiam). In ruling on appellant's motion, we make the same inquiry as when we review the district court's denial of a preliminary injunction. Id. Thus, we must determine "whether the district court abused its discretion and whether the movant has demonstrated a clear and unequivocal right to relief." Id. A district court abuses its discretion when it "bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." Chem. Weapons Working Group, Inc. (CWWG) v. United States Dep't of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997).

We have reviewed the district court record. In the district court, appellant submitted evidence from medical officials at the Lawton Correctional Facility showing that when he was housed there, he was not assigned kitchen work or outside work based on a restriction for "cool, sedentary work only–ongoing." R., Doc. 19, Ex. 5. The district court denied his motion for a preliminary injunction, adopting the magistrate judge's reasoning that appellant had not shown that his right to relief was clear and unequivocal. Lexington medical officials had decided that appellant was not limited to cool, sedentary work, and appellant's evidence that he was restricted to cool, sedentary work came from another facility and was nearly five years old. Id., Doc. 22, at 2; Doc. 9, at 1, 3.

3

Appellant has not shown to this court that he will be irreparably harmed absent injunctive relief. In the district court, his allegations that his health will suffer if he is required to work in the prison kitchen or in the outside labor pool were unsupported by any recent medical evidence. Any new evidence should be presented to the district court in the first instance.

In addition, appellant has not shown that he is likely to succeed on appeal. Although he presented some evidence to the district court showing that Lexington medical officials have placed some restrictions on the heat he can tolerate while working, he presented no evidence to show that his assigned jobs violate these restrictions. Again, to the extent that he is relying on more recent evidence, he should present it first to the district court or to prison officials. Based on this appellate record, he has not demonstrated that the district court abused its discretion or that his right to preliminary relief was "clear and unequivocal," Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001) (quotation omitted), and he has not met the stringent standards required for an injunction pending appeal in this court under 10th Cir. R. 8.1.

In addition, we caution appellant that the practice of incorporating by reference arguments made in other pleadings is disfavored in this court and could result in the waiver of his arguments. See Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 623-24 (10th Cir. 1998). Appellant adopted by reference the

arguments he presented in a prior petition for writ of mandamus and in his objections to the magistrate judge's report–"so as to not burden this Honorable Court with academic reading perusal." Aplt. Opening Br. at 2. Appellant should have fully set out his arguments in his motion for an injunction pending appeal and in his opening brief.

Appellant's motion for leave to proceed without prepayment of costs and fees is granted. He is reminded that he is obligated to continue making payments until the filing fee is paid in full.

The judgment of the district court is AFFIRMED. Appellant's motion for an injunction pending appeal is denied.

ENTERED FOR THE COURT
PER CURIAM