**UNITED STATES of America,
Plaintiff,**

v.

**RX DEPOT, INC. and Rx of Canada, LLC, corporations, and Carl Moore and David Peoples, individuals Defendants.**

No. 03–CV–0616–EA(M).

United States District Court,
N.D. Oklahoma.

Nov. 12, 2003.

Cathryn Dawn McClanahan, United States Attorney, Tulsa, OK, Alan Phelps, Washington, DC, for Plaintiff.

Gary L. Richardson, Fred Everett Stoops, Sr., Keith Allen Ward, Nancy C. Curtis, Richardson, Stoops, Richardson & Ward, Tulsa, OK, for Defendant.

## ORDER

EAGAN, District Judge.

On October 8–9, 2003, the Court held a hearing on plaintiff and defendants' motions for preliminary injunction (Dkt.## 2, 10). On November 6, 2003, the Court issued Findings of Fact and Conclusions of Law (Dkt.# 28) and an Order of Preliminary Injunction (Dkt.# 29). Now before this Court is Defendants' Emergency Motion to Stay Order of Preliminary Injunction Pending Appeal (Dkt.# 30). In their motion, defendants assert the Court erroneously found that: they altered the status quo; their actions constituted the requisite "causing" under 21 U.S.C. § 331 (*i.e.*, they violated the law); and the FDA's selective enforcement policy does not violate the equal protection clause. Defendants also allege that the Court abused its discretion in failing to invoke its equitable power to safeguard defendants' rights because there is a threat of irreparable harm to defendants if the stay is not granted, and the risk of harm to the public interest is substantial.

### I.

The plaintiff instituted this suit on September 11, 2003, by filing a complaint for injunction (Dkt.# 1) and a motion for a preliminary injunction (Dkt.# 2). Plaintiff's complaint alleged violations by defendants of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 331(d) and (t). Defendants filed a response on October 6, 2003 (Dkt.# 10), wherein they moved for their own preliminary injunction against the plaintiff's attempt to enforce the FDCA. Defendants filed an answer and counterclaim on October 8, 2003 (Dkt.# 14). On October 8–9, 2003, the

Court heard and received evidence relating to both preliminary injunction motions. Plaintiff and the defendants presented witnesses and exhibits, and thereafter filed proposed findings of fact and conclusions of law. On November 6, 2003, the Court issued Findings of Fact and Conclusions of Law (Dkt.# 28) and an Order of Preliminary Injunction (Dkt.# 29). The Court found: (1) Rx Depot assists individuals in procuring prescription medications from pharmacies in Canada; (2) defendants are essentially commissioned sales agents for Canadian pharmacies; (3) defendants are engaged in the business of causing the shipment of U.S. manufactured and unapproved prescriptions drugs from Canadian pharmacies to U.S. citizens; (4) unapproved prescription drugs and drugs imported from foreign countries by someone other than the U.S. manufacturer do not have the same assurance of safety and efficacy as drugs regulated by the Food and Drug Administration ("FDA"); and (5) defendants would continue their activities unless the Court enjoined them. Findings of Fact and Conclusions of Law, Dkt. # 28, at 3–5, 10–12.

## II.

■ When considering a stay pending appeal, the Court must address the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir.2003); *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir.2001). "With respect to the four stay factors, where the moving party has established that the three 'harm' factors tip decidely in its favor, the 'probability of success' requirement is somewhat relaxed." *Mainstream Mktg. Servs.*, 345 F.3d at 852 (in-ternal citation omitted). The Court finds that, in this case, the three harm factors do not support a relaxed review of the probability of success factor. With respect to the third and fourth factors-which are "necessarily conflated" because the FDA's asserted injury is exclusively one involving the public interest-the Court concludes that plaintiff, on behalf of the public, does have a strong interest in the safety and efficacy of prescription drugs that weighs in favor of denying this stay pending review of the merits. The harm factors do not weigh so heavily towards defendants as to justify a relaxed review of the first factor, likelihood of success on the merits. Thus, the Court will grant a stay only if defendants show a substantial likelihood of success on the merits of its appeal. *See id.* at 853.

## III.

### A. *Likelihood of Success on Appeal*

■ Defendants first claim that they will likely succeed on appeal because the Court erroneously found that they altered the status quo when they began to build a nationwide business based on violating the law. Def. Motion to Stay, Dkt. # 30, at 4. The argument by defendants is simply a restatement of its prior argument that "the government is presently attempting to alter the status quo through its enforcement of the defendant's current operation of Rx Depot in twenty-five states." Id. Defendants base their assertion on *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099–1100 (10th Cir.1991), and *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1178 (10th Cir. 2003). The Court previously distinguished both *SCFC ILC* and *O Centro Espirita* from the current set of circumstances. Findings of Fact and Conclusions or Law, Dkt. # 28, at 15. Defendants also allege

that the Court's ruling conflicts with *O Centro Espirita* because the Court found that a violation of a statute (here the FDCA) "is presumed to cause public harm and that the government need only show that there exists 'some cognizable danger of recurrent violation.'" Def. Motion to Stay, Dkt. # 30, at 5. As stated in the conclusions of law, this case is different from *O Centro Espirita* because this case does not implicate two conflicting federal statutes. Findings of Fact and Conclusions of Law, Dkt. # 28, at 15. The Court found that plaintiff has conclusively shown that the complex legislative scheme governing the regulation of prescription drugs explicitly prohibits the exact activities in which defendants are engaged. See *id.*

Contrary to defendants allegations, there is not a "complete lack of evidence regarding the safety concerns of the prescription drugs." Def. Motion to Stay, Dkt. # 30, at 5. The Court has already found that "unapproved prescription drugs and drugs imported from foreign countries by someone other than the U.S. manufacturer do not have the same safety and efficacy as drugs regulated" by the FDA. Findings of Fact and Conclusions of Law, Dkt. # 28, at 5. Defendants produce no additional evidence that the Court's prior finding of fact was in error. Therefore, the Court finds that defendants are not likely to succeed on appeal on their argument regarding status quo.

Although defendants also assert that they are likely to succeed on appeal because they are not violating the law, the Court has already found that defendants "openly and notoriously violate the law." *Id.* at 16. Defendants claim that the Court erred in its interpretation of "causing" with respect to the FDCA. Def. Motion to Stay, Dkt. # 30, at 6. Even if the Court were to utilize defendants' latest definition of "causing," as supplied by Black's Law Dictionary, the Court still finds defendants are agents that bring about the illegal importation of drugs. See Findings of Fact and Conclusions of Law, Dkt. # 28, at 4, 16. Therefore, with respect to violation of the law, the court finds that there is not a substantial likelihood defendants will succeed on appeal.

Next, defendants assert that the Court erred in not finding that the FDA's selective enforcement policy violates the equal protection clause. Def. Motion to Stay, Dkt. # 30, at 7. Defendants claim that because they did not make a claim of discrimination aimed at a "suspect class," they must show intentional or purposeful discrimination. *Id.* at 8, *citing Cook v. Price,* 566 F.2d 699, 701 (10th Cir.1977). Based on this standard, defendants allege that the Court erred "in not finding intentional or purposeful discrimination by the government." Although defendants cite to the portion of *Cook* which describes the requisite proof they must show, they fail to include the following sentence in *Cook:* "[m]ere failure to prosecute other offenders is no basis for a finding of denial of equal protection." *Cook,* 566 F.2d at 701. Because defendants' claim is based on an assertion that the plaintiff is intentionally and purposefully singling out them versus other entities, the Court finds defendants' argument is one which is not a basis for finding a denial of equal protection. Rather, the Court reiterates its finding that it is reasonable for the FDA "to marshal its limited resources against large-scale, commercial operations such as Rx Depot/Rx Canada rather than small-scale individual violators." Findings of Fact and Conclusions of Law, Dkt. # 28, at 19. Thus, the Court finds defendants are unlikely to prevail on appeal based on their argument concerning selective enforcement.

Although defendants also claim that the Court "abused its discretion in failing to

invoke its equitable power to safeguard the rights of the defendants," the Court specifically addressed this issue in its conclusions of law. Def. Motion to Stay, Dkt. # 30, at 10; Findings of Fact and Conclusions of Law, Dkt. # 28, at 20–21. In their motion, defendants do not provide any legal authority that the Court erred in concluding that "it would be an abuse of the Court's equitable power to ignore statutory law, or to declare a statute invalid where there is no constitutional basis for doing so." Findings of Fact and Conclusions of Law, Dkt. # 28, at 20; *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 497, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001). The Court does not find a likelihood of success on appeal with regard to the issue of failing to invoke equitable powers.

### B. Threat of Irreparable Harm if the Stay is Not Granted

■ Defendants allege that they will be irreparably harmed in two ways if a stay is not granted: (1) defendants will be prohibited from assisting Americans in obtaining life-sustaining affordable drugs from Canada and; (2) defendants and their employees will immediately lose all sources of income. Def. Motion to Stay, Dkt. # 30, at 12–13. The Court addressed these issues in its findings of fact and conclusions of law. *See* Findings of Fact and Conclusions of Law, Dkt. # 28, at 17. Defendants have provided no additional evidence; thus, the Court reiterates

> [it] recognizes that individual customers of the defendants believe that they benefit from the low prescription drug prices offered by Rx Depot/Rx Canada. This Court is not unsympathic to the predicament faced by individuals who cannot afford their prescription drugs at U.S. prices. However, the defendants are able to offer lower prices only because

they facilitate illegal activity determined by Congress to harm the public interest. *Id.* at 18. The Court again finds that defendants "have no vested interest in an illegal business activity" and any loss of income from an illegal activity is not an irreparable harm. *Id.* at 17.

### C. Absence of Harm to Plaintiff If Stay is Granted/ Risk of Harm to Public Interest

■ Defendants claim that the only harm to the plaintiff if the stay is granted is the alleged violation of the FDCA. Def. Motion to Stay, Dkt. # 30, at 13. As noted above, the Court considers the absence of harm to the plaintiff as part of its analysis of the harm to the public because violations of the FDCA imply harm to the public. *See* Findings of Fact and Conclusions of Law, Dkt. # 28, at 17. The Court previously noted:

> 'The passage of the statute is, in a sense, an implied finding that violations will harm the public and ought, if necessary, be restrained.' *Diapulse*, 457 F.2d at 28 (citing *United States v. City and County of San Francisco*, 310 U.S. 16, 60 S.Ct. 749, 84 L.Ed. 1050 (1940)); *see Bioganic Safety Brands, Inc. v. Ament*, 174 F.Supp.2d 1168, 1179 (D.Colo.2001) (holding in a preemption case that fourth factor is satisfied why Congress has determined the public interest). Here, Congress explicitly found that the unrestricted reimportation of U.S.—manufactured drugs created "an unacceptable risk that counterfeit, adulterated, misbranded, subpotent, or expired drugs will be sold to American consumers." PL 100–293, Sec. 2 ("Findings"), April 22, 1988 (available on Westlaw at 102 Stat. 95).

*Id.* at 17–18. The Court found that "because of the high cost of prescription drugs in the United States, some citizens cannot afford their medications at U.S. prices."

Findings of Fact and Conclusions of Law, Dkt. # 28, at 11. The Court, however, also found that there is a legitimate safety concern by the FDA regarding the unregulated commercial reimportation of U.S.-manufactured drugs by someone other than the manufacturer and importation of foreign-manufactured drugs not approved by the FDA. *Id.* at 6. Thus, although defendants claim that "as a result of the preliminary injunction, American citizens who cannot afford to purchase prescription drugs in the United States . . . will be precluded from obtaining affordable prescription drugs," the Court must enforce the priorities of Congress. Def. Motion to Stay, Dkt. # 30, at 14; Findings of Fact and Conclusions of Law, Dkt. # 28, at 18.

## IV.

In light of the Court's conclusions regarding the likelihood of success on appeal, as well as the three harm factors addressed above, defendants' emergency motion to stay order of preliminary injunction pending appeal (Dkt.# 30) is **DENIED**.