Yudi Wiriadi LIM, Petitioner,

v.

John ASHCROFT, Respondent.

No. 04–9558.

United States Court of Appeals,
Tenth Circuit.

July 9, 2004.

Land Wayland, Land Wayland Law Offices, City of Industry, CA, for Petitioner.

Emily A. Radford, Keith I. Bernstein, United States Department of Justice, Washington, DC, Mike Comfort, Acting Dist. Dir., Immigration & Naturalization Service, Denver, CO, for Respondent.

Before HENRY and LUCERO, Circuit Judges.

### ORDER

Petitioner Yudi Wiriadi Lim, a native and citizen of Indonesia appearing through counsel, has included a request for a stay of removal within his petition for review. The government does not oppose the request for a stay. We deny the request as: (1) improperly presented, and (2) inadequately supported.

■ A petitioner's request for a stay of removal pending review should be presented by separate motion. *See* Fed. R.App. P. 18. The motion should contain an argument establishing our jurisdiction over petitioner's appeal and demonstrating: " '(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest.' " *See O Centro Espirita Beneficiente Uniao De Vegetal v. Ashcroft,* 314 F.3d 463, 465–66 (10th Cir.2002) (quoting 10th Cir. R. 8.1 as formerly numbered); *see also* Fed. R.App. P. 18; 10th Cir. R. 18.1. To facilitate our consideration of the motion, the petitioner should always attach the decision of the Board of Immigration Appeals and, in a case such as this one, where the Board affirmed without opinion, the decision of the immigration judge (IJ) as well. *See Yuk v. Ashcroft,* 355 F.3d 1222, 1230 (10th Cir.2004) (noting that "the summary affirmance regulations specifically provide that the IJ's decision is the final agency action," and therefore "we effectively review the IJ's decision"). Obviously, whenever possible, the petitioner should file the administrative record, or relevant portions of it, to support any factual assertions.

■ In this case, the only argument appearing in the petition for review is that the Board's issuance of a summary affirmance was an abuse of discretion which will leave this court with nothing to review on appeal. We have already rejected that argument, and similar arguments, challenging the Board's streamlining procedures. *See id.* at 1228–32. Therefore, petitioner has not shown that he is likely to succeed on appeal. He has made no argument at all showing that he will suffer irreparable harm if removed to Indonesia. Counsel do not advance their clients' interests by failing to comply with our rules and precedent and by making unsupported arguments.

Petitioner's request for a stay of removal is denied without prejudice.