**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

LAKHWINDER SINGH,

      Petitioner,

v.

JOHN ASHCROFT,

      Respondent.

No. 04-9561
(Petition for Review)
(No. A78-049-613)

---

### ORDER

---

Before **BRISCOE** and **LUCERO** , Circuit Judges.

---

Petitioner Lakhwinder Singh, a native and citizen of India appearing pro se, has included a request for a stay of removal within his petition seeking this court's review of a final order of removal issued by the Board of Immigration Appeals. We deny the request as: (1) improperly presented, and (2) inadequately supported.

A petitioner's request for a stay of removal pending review should be presented by separate motion. See Fed. R. App. P. 18. The motion should contain an argument establishing our jurisdiction over petitioner's appeal and

addressing: "'(a) the likelihood of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or injunction is granted; and (d) any risk of harm to the public interest.'" O Centro Espirita Beneficiente Uniao De Vegetal v. Ashcroft, 314 F.3d 463, 465-66 (10th Cir. 2002) (quoting 10th Cir. R. 8.1 as formerly numbered); see also Fed. R. App. P. 18; 10th Cir. R. 18.1. To facilitate our consideration of the motion, the petitioner should always attach the decision of the Board of Immigration Appeals and, in a case such as this one, where the Board did not write separately on all of the issues, the decision of the immigration judge (IJ) as well. See Yuk v. Ashcroft, 355 F.3d 1222, 1230 (10th Cir. 2004). Obviously, whenever possible, the petitioner also should file the administrative record, or relevant portions of it, to support any factual assertions.

In this case, the only argument appearing in the petition for review is that the Board's logic was faulty when it upheld the denial of petitioner's application for adjustment of status based on his marriage to a United States citizen. The argument is not further developed or supported by citation to relevant authority, and petitioner therefore has not shown that he is likely to succeed on appeal. He has made no argument at all showing that he will suffer irreparable harm if removed to India.

Petitioner's request for a stay of removal is denied without prejudice.

Entered for the Court
PATRICK FISHER, Clerk


By:
Deputy Clerk